OPINION
Melody Johnson was indicted for possession of crack cocaine. After her motion to suppress evidence was overruled, she pleaded no contest to the charge and was found guilty. The trial court imposed a prison sentence of six months and a driver's license suspension of six months. On appeal, Johnson assigns as error the overruling of her motion to suppress evidence. We will affirm.
The facts were supplied by Officer Darrell Herron, the sole witness at the suppression hearing. Officer Herron testified that on April 7, 2000, at approximately 5 a.m., he and Officer Cleaver were on patrol in the vicinity of 210 Lookout Avenue, a known and currently active drug house, out of which he had made approximately fifty arrests. As the officers observed 210 Lookout from a distance of approximately one hundred yards, they observed a brown Pontiac Bonneville pull up in front of the house. Two female occupants of the car exited the car, approached the house, and returned to the car within about a minute, such activity being typical of drug transactions. After they reentered the car and pulled away, the officers followed the Bonneville, observing the driver make an unsignaled left turn and, after running the license plates, learning they were expired. In the process of making a traffic stop, Officer Herron observed the passenger "(make) a quick movement down to the right of the vehicle." The passenger bent at the waist, and her head briefly disappeared from sight. The record reflects that, in demonstrating the passenger's movement, "the officer (witness Herron) was reaching down with his right arm as to place something on the floor." The officers' observation of this activity caused them to be concerned about their safety because it was indicative of hiding a weapon in or retrieving a weapon from the seat area. Both officers approached the passenger first, ordered her out of the car, patted her down, and secured her in their cruiser. (The passenger was Melody Johnson). She was not handcuffed, but she would not have been able to exit the cruiser. Officer Herron returned to the passenger side of the Bonneville. The passenger door was open, and when Officer Herron shone his flashlight in the passenger area, he observed a crack pipe on the floor mat, unobscured by the front seat. Suspected crack was found in the pipe. After doing a field test that confirmed the suspected crack was indeed crack, Johnson was arrested for possession of crack cocaine. Officer Herron testified that had nothing been found in the car, Johnson would have been free to go.
Johnson's first contention is that she was unlawfully detained in the police cruiser. Essentially, she argues that the officers had not observed her committing any criminal offense, even a traffic offense, because she was not the driver of the vehicle. While this is true, the officers had observed her approach and depart from an active drug house during about a minute's time, conduct which is consistent with a drug transaction. Shortly thereafter, as they were stopping the car in which she was a passenger for traffic violations, they observed a motion by Johnson that caused them to believe she may have been hiding or retrieving a weapon.
It is clear that the officers made a legitimate traffic stop. The question for us is whether Officer Herron acted lawfully in first doing a pat down upon Johnson and then confining her in the cruiser while he checked the area of the Bonneville where Johnson had been seated.
In State v. Watson (Aug. 23, 1996), Montgomery App. No. 15449, unreported, we stated that passengers of lawfully stopped vehicles could be required to exit the vehicle "(r)egardless of whether there is a suspicion of activity on anyone's part." Here, of course, the officers were concerned that Johnson was armed and requiring her to exit the car was certainly justified. The trial court did not address the pat down of Johnson's person, presumably because it revealed no weapons. The question then becomes, based upon that unproductive pat down, whether it was constitutionally permissible for the officers to confine Johnson in the cruiser while Officer Herron checked the front passenger seat area of the Bonneville for weapons. The trial court implicitly determined that the officers had a reasonable, articulable suspicion that Johnson was armed, a determination which we find is supported by the record. Johnson had been observed engaging in conduct consistent with a drug transaction and, while the Bonneville was being stopped, making movements suggestive of retrieving or secreting a weapon. Having found no weapon on Johnson's person, it was appropriate for the officers to confine Johnson in the cruiser for the brief period of time necessary to confirm or dispel their suspicion that Johnson had hidden a weapon where she had been seated in the car. It will be recalled that Officer Herron said he would have released Johnson had he found nothing in the car where she had been seated. It was reasonable for Officer Herron to dispel his suspicion that there was a weapon in the car before releasing Johnson. See State v. Henderson (Nov. 7, 1997), Montgomery App. No. 16016, unreported, wherein we stated:
 . . . a police officer may search the interior of an automobile when the officer reasonably suspects that the individual has a weapon secreted in the automobile (as in the case of a furtive gesture) and the officer has made the determination that he or she is going to allow the individual to return to the vehicle. In that case, a search for the officer's safety is justified because the officer has confirmed that he or she is going to allow the individual to re-enter the vehicle wherein the individual could gain immediate control over a weapon.
Johnson next contends that the officers needed probable cause to look into the Bonneville to determine whether there was a weapon in the vicinity of where she had been sitting. Michigan v. Long (1983),463 U.S. 1047, however, holds that a reasonable belief that a weapon is secreted in a vehicle will justify a search of the passenger compartment to confirm or dispel that belief. Pp. 1049-50. As we have stated, the facts here support that reasonable belief. The trial court determined that the seizure of the crack pipe could be justified under the "plain view" doctrine. Based on the facts of this case, we agree with this determination.
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.